UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JULIA PASSAMONTI, KATHY MARTINEZ,
CORI PETERSON, DALE E. JENSSEN,
SONYA NORMAN, BILL TURPIN,

     *Plaintiffs*,

  v.

FEDERAL EMERGENCY MANAGEMENT
AGENCY AND DOES 1-20, INCLUSIVE,
     *Defendants*.

No.

**COMPLAINT**

### INTRODUCTION

1.     Plaintiffs are individuals damaged by the Hermit's Peak/Calf Canyon Fire ("Fire"), which were started by the federal government. The historic fire, and subsequent flooding, had devastating impacts on residents of New Mexico.

2.     Congress enacted the Hermit's Peak/Calf Canyon Fire Assistance Act ("HPFAA" or the "Act") (Pub. L. 117-180, 136 State. 2168 (2022)) to compensate victims of the Hermit's Peak Fire for actual compensatory damages provided under New Mexico state law. Congress designated the Federal Emergency Management Agency's ("FEMA") as the Administrator of claims under the HPFAA and directed FEMA to expedite payments to victims of the Fire.

3.     The HPFAA provides the right for judicial review of any final decision of the Administrator. Specifically, the HPFAA provides "Any claimant aggrieved by a final decision of the Administrator under this Act may, not later than 60 days after the date on which the decision is issued, bring a civil action in the United States District Court for the District of New Mexico, to modify or set aside the decision,

in whole or in part." Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022).

4.    Plaintiffs have been aggrieved by FEMA's final decision because it denies their actual compensatory damages permitted under New Mexico state law.

5.    Plaintiffs now bring this civil action under section 104(i)(1) to modify or set aside FEMA's decision and award Plaintiffs the full amount of their actual compensatory damages permitted under New Mexico state law.

## JURISDICTION & VENUE

6.    This Court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, and 28 U.S.C. §§ 1346 and 2671 because a United States agency is a defendant.

7.    This Court has jurisdiction under 28 U.S.C. § 2201–2202, because this action is brought by persons adversely affected by agency action. This Administrator's final decision of Plaintiffs' claims constitutes a final agency action subject to judicial review under the HPFAA section 104 (i)(1). Further, the Administrator's final decision shows an actual controversy exists between the parties within the

meaning of 28 U.S.C. § 2201(a). Accordingly, this Court has jurisdiction pursuant to Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022).

8.      Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B)–(C) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, a substantial part of property that is the subject of the action is situated in this judicial district, Plaintiffs reside in this judicial district, and/or section 104 (i)(1) of the HPFAA expressly states a civil action seeking judicial review of the Administrator's final decision is to be filed in the United States District Court for the District of New Mexico.

## PARTIES

9.      Plaintiffs are individuals who suffered property damage in the Fire, submitted claims to FEMA, and received a final decision from FEMA on their claim.

10.      Plaintiff Julia Passamonti submitted a claim to FEMA pursuant to the HPFAA. Plaintiff claimed, among other items of damages, smoke cleaning, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of her claim on or about May 8,

2024. The final decision provides less than Plaintiff's actual compensatory damages provided in her claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

11.     Plaintiff Kathy Martinez submitted a claim to FEMA pursuant to the HPFAA. Plaintiff claimed, among other items of damages, smoke cleaning, evacuation expenses, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of her claim on or about May 14, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in her claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

12.     Plaintiff Cori Peterson submitted a claim to FEMA pursuant to the HPFAA. Plaintiff claimed, among other items, cleaning expenses, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of his claim on or about May 18, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in his claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

13.    Plaintiff Dale E. Jenssen submitted a claim to FEMA pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received FEMA's final determination of his claim on or about May 30, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in his claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

14.    Plaintiff Sonya Norman submitted a claim to FEMA pursuant to the HPFAA. Plaintiff claimed, among other items, smoke cleaning, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of her claim on or about June 1, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in her claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

15.    Plaintiff Bill Turpin submitted a claim to FEMA pursuant to the HPFAA. Plaintiff claimed, among other items, diminution in value, and noneconomic nuisance damages. Plaintiff received FEMA's final determination of his claim on or about May 17, 2024. The final decision provides less than Plaintiff's actual compensatory damages provided in

his claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

16.    Defendant FEMA is an executive agency of the United States government, and bears responsibility in whole or part for the acts or omissions complained herein, including promulgating the Rule. Under the HPFAA, FEMA is directed to receive, process, and pay claims in accordance with the HPFAA.[1]

17.    Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 20, Inclusive, and therefore sue them by such fictitious name Plaintiffs will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained.

## BACKGROUND

**1.    The federal government enacted the HPFAA to promptly compensate victims of the Hermit's Peak/Calf Canyon Fire.**

18.    On April 6, 2022, the U.S. Forest Service initiated a prescribed burn on federal land in the Santa Fe National Forest in San Miguel County, New Mexico. The prescribed burn got out of control,

---

[1]    *See* Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(2), 136 Stat. 2168, 2170 (2022).

resulting in a wildfire that spread to adjacent, non-federal land, and merged with another fire. [2] The fire, known as the Hermit's Peak/Calf Canyon Fire, is the largest fire in New Mexico history. It forced thousands of residents to evacuate and ultimately destroyed 903 structures, including several hundred homes, and burned 341,471 acres of land, trees, and vegetation.

19.    The President declared the Hermit's Peak Calf Canyon Fire "a major disaster," and Congress acknowledges its impact, recognizing forced evacuations, and damage or destruction of state, local, tribal, and private property in Colfax, Mora, and San Miguel counties in New Mexico.[3] The President reaffirmed that the people of New Mexico will have the full support of the federal government, and that every effort will be made to provide immediate help to people in the impacted communities and support the State throughout its recovery.

20.    Congress determined that "the United States should compensate the victims of the Hermit's Peak Fire."[4]

---

[2]    *Id.*, § 102(a)(1)–(4), 136 Stat. at 2168.

[3]    *Id.*, § 102(a)(5)–(6), (9), 136 Stat. at 2168–69.

[4]    *Id.*, § 102(a)(10), 136 Stat. at 2169.

21.     On September 30, 2022, Congress enacted—and the

President signed—the HPFAA.[5]

22.     The HPFAA's stated purposes are "to compensate victims of

the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the

fire."[6]

23.     Congress allocated $3.95 billion to compensate victims of the

Hermit's Peak/Calf Canyon Fire under the HPFAA.[7]

**2. The HPFAA entitles plaintiffs to compensation for interference with personal comfort, inconvenience, and annoyance.**

24.     The HPFAA states that claimants are entitled to "payment

under this Act" for "actual compensatory damages."[8]

---

[5]     Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. at 59,731.

[6]     Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 102(b)(1), 136 Stat. 2168, 2169 (2022).

[7]     FEMA, FAQ: Hermit's Peak/Calf Canyon Fire Assistance Act Final Rule (Aug. 28, 2023), https://www.fema.gov/fact-sheet/faq-hermits-peakcalf-canyon-fire-assistance-act-final-rule#:~:text=The%20Hermit%27s%20Peak%2FCalf%20Canyon,major%20concerns%20from%20the%20community.

[8]     Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

25.    The HPFAA repeatedly invokes New Mexico law to define the scope of damages recoverable under the Act. First, the HPFAA flatly states "the laws of the State of New Mexico shall apply to the calculation of damages."[9] Second, the HPFAA expressly incorporates the definition of a compensable "injury" from the FTCA, which in turn compensates "claimant[s] in accordance with the law of the place where the act or omission occurred."[10]

---

[9]    *Id.*, § 104(c)(2), 136 Stat. at 2170; *see also* 44 C.F.R. § 296.21(a) ("The laws of the State of New Mexico will apply to the calculation of damages.").

[10]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(1), 136 Stat. 2168, 2170 (2022) ("Each injured person shall be eligible to receive from the United States compensation for injury suffered by the injured person as a result of the Hermit's Peak/Calf Canyon Fire."); *id.*, § 103(5), 136 Stat. at 2169 ("The term 'injury' has the same meaning as the term 'injury or loss of property, or personal injury or death' as used in section 1346(b)(1) of title 28, United States Code."); 44 C.F.R. § 296.4 ("'Injury' [under the HPFAA] means 'injury or loss of property, or personal injury or death,' as used in the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1)."); 28 U.S.C. § 1346(b)(1) (making "the United States" liable "for money damages … under circumstances where … a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred"].)

26.    Under New Mexico law, a wildfire that damages or disrupts the real or personal property of a "considerable number of people" is a "nuisance."[11]

27.    And under New Mexico law, nuisance victims are entitled to noneconomic damages for interference with personal comfort, annoyance, and inconvenience *in addition to* their economic losses.[12]

28.    Accordingly, under the HPFAA, FEMA must award claimants noneconomic damages for interference with personal comfort, annoyance, and inconvenience. But FEMA has categorically excluded

---

[11]    *City of Sunland Park v. Harris News, Inc.*, 124 P.3d 566, 577 (N.M. Ct. App. 2005); *New Mexico v. Gen. Elec. Co.*, 335 F. Supp. 2d 1185, 1239–41 (D.N.M. 2004).

[12]    *Aguayo v. Village of Chama*, 449 P.2d 331, 333 (N.M. 1969) ["[T]he rule [for nuisance claims] is that … personal damages [for discomfort, annoyance, etc.] are recoverable in addition to, or separate from, damages for diminution in rental or use value."]; *Padilla v. Lawrence*, 685 P.2d 964, 969 (N.M. Ct. App. 1984) ("A plaintiff in a private nuisance action may seek compensation for interference with personal comfort as well as for diminution in property value."); *see also* N.M. Const., art. II, § 4 ("All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness.").

noneconomic damages for nuisance in its final determinations of
Plaintiffs' claims.

**3.     Plaintiffs have a right to judicial review of FEMA's final
determination of their claim.**

29.    The HPFAA provides the right for judicial review of any
final decision of the Administrator. Specifically, the HPFAA states "Any
claimant aggrieved by a final decision of the Administrator under this
Act may, not later than 60 days after the date on which the decision is
issued, bring a civil action in the United States District Court for the
District of New Mexico, to modify or set aside the decision, in whole or
in part."[13]

30.    Plaintiffs now seek judicial review of FEMA's final
determination of their claims.

COUNT I
**(Judicial Review of Agency Action under the HPFAA)**

31.    All foregoing paragraphs of this Complaint are realleged and
incorporated herein by reference.

---

[13]     Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, §
104(i)(1), 136 Stat. 2168, 2173 (2022).

32.     FEMA is the agency appointed as the "Administrator" of the HPFAA.[14]

33.     FEMA's final determination of Plaintiffs' claims submitted pursuant to the HPFAA is a final agency action made reviewable by the HPFAA.[15]

34.     The Final Determinations of Plaintiffs' claims are not in accordance with the law. HPFAA entitles claimants to noneconomic damages for interference with personal comfort, annoyance, and inconvenience, and the Final Determinations categorically refuse to award those same damages, among other damages.

35.     FEMA's categorical exclusion of certain items of damages, such as noneconomic damages harms Plaintiffs and other similarly situated Fire victims by depriving them of compensation to which they are entitled under the HPFAA.

36.     Plaintiffs seek judicial review of FEMA's final determinations of their claims.

---

[14]     *Id.* § 103(1)(A), 136 Stat. 2168, 2169 (2022).

[15]     *Id.* § 104(i)(1), 136 Stat. 2168, 2173 (2022).

## PRAYER FOR RELIEF

Wherefore Plaintiffs respectfully request that this Court:

1.      Review, modify or set aside FEMA's final determination of their claims and award Plaintiffs all their claimed damages permitted under the HPFAA;

2.      Award Plaintiffs costs and reasonable attorney's fees;

3.      Interest on the submitted claims; and

4.      Grant such other relief as the Court deems just and proper.

Dated: July 3, 2024

Respectfully submitted:
SINGLETON SCHREIBER, LLP

*/s/ Brian S. Colón*
Brian S. Colón
Jacob Payne
Robert Sanchez
Jesse Gallegos
SINGLETON SCHREIBER LLP
6501 Americas Pkwy. NE, Ste. 670
Albuquerque, NM 87110
(505) 587-3473
*bcolon@singletonschreiber.com*
*jpayne@singletonschreiber.com*


Gerald B. Singleton
Benjamin I. Siminou
SINGLETON SCHREIBER LLP
591 Camino de la Reina, Ste 1025
San Diego, CA 92108
(619) 704-3288
*gsingleton@singletonschreiber.com*
*bsiminou@singletonschreiber.com*